IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID MICHAEL HOSCHOUER,<br><br>          Plaintiff,<br><br>v.<br><br>WELLINGTON POLICE DEPARTMENT,<br><br>          Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:22-cv-00265-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 14). On May 3, 2022, the court granted Plaintiff David Michael Hoschouer (Plaintiff) leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF 8). Following the filing of Plaintiff's original Complaint (ECF 9), the court has instructed Plaintiff on more than one occasion to file an amended complaint that adheres to the federal and local rules (ECF 16; ECF 18). The case is now before the court on sua sponte review under 28 U.S.C. § 1915.

## I.        BACKGROUND

On April 15, 2022, Plaintiff initiated this matter by filing a request to proceed *in forma pauperis* and by submitting his complaint to the court (ECF 1; ECF 2). As previously noted, the court granted Plaintiff leave to proceed *in forma pauperis* (ECF 8), after which he promptly filed two motions, each requesting that the court appoint counsel to assist him in this matter (ECF 11; ECF 15).

On September 27, 2022, the court entered an order denying Plaintiff's requests that counsel be appointed (ECF 16 at 1). In that same order, the court noted that Plaintiff's Complaint "lacks a

short and plain statement showing he is entitled to relief" (*id.* at 3). Specifically, the court found that the complaint "improperly names the Wellington Police Department as Defendant even though it is not an independent legal entity that can be sued" and Plaintiff had further failed "to allege personal participation by any police officer in his arrest" (*id.* at 3–4). Because Plaintiff's complaint failed to sufficiently state a claim for relief and failed to comply with Rule 8 of the Federal Rules of Civil Procedure, the court determined it was subject to dismissal (*id.* at 4). Notwithstanding these pleading deficiencies, the court was cognizant of Plaintiff's pro se status and found it appropriate to give him the opportunity to amend (*id.*). Plaintiff was therefore instructed to file an amended complaint by October 28, 2022 (*id.* at 1).

Approximately one week later, on October 5, 2022, Plaintiff filed a motion to amend the complaint (ECF 17). In that motion, Plaintiff again requested that the court appoint him counsel (*id.*). In addressing this renewed request for counsel, the court found that the basis for Plaintiff's request was that he "has been unable to obtain 'information for this case' or 'defend himself' in a related criminal case" (ECF 18 at 3). Given that explanation, the court informed Plaintiff "that appointment of counsel is not warranted at the initial pleading stage of the case before the commencement of the discovery period" (*id.*). His request on that point was therefore denied (*id.*). As for the motion to amend, the court noted that Plaintiff had failed to file an amended complaint, which is required under both the federal and local rules of procedure, *see* Fed. R. Civ. P. 15(a)(2); DUCivR 15-1, and, instead, Plaintiff listed "additional factual allegations to support his claims" (ECF 18 at 2). Even though Plaintiff had failed "to comply with the court's order," it appeared Plaintiff had at least "attempted to address the pleading deficiencies" that had previously been identified (*id.* at 2). Accordingly, the court found it appropriate to grant Plaintiff "one final

opportunity to amend his complaint" (*id.*). Plaintiff was then ordered to file an amended complaint by September 29, 2023 (*id.*).

Plaintiff responded to the court's order by filing four motions: a motion to appoint counsel (ECF 19), a motion for additional evidence (ECF 20), a motion to amend the complaint (ECF 22), and a motion for court case inquiry (ECF 23). The court denied all four motions (ECF 24). In his second motion to amend, Plaintiff did "not ask the court for leave to amend his complaint" nor had he attached a "proposed amended complaint" (*id.* at 2). Thus, Plaintiff had been ordered "to file an amended complaint twice," and Plaintiff "failed to comply both times" (*id.*). Still, the court noted that Plaintiff later clarified in a separate motion, that his filing which had been labeled on the docket as a "Motion to Appoint Counsel" (ECF 19), dated August 30, 2023, "was intended to comply with the court's most recent order" and he had intended that document to act as his amended complaint (ECF 24 at 2). Plaintiff had entitled that document "Request for Extraordinary Relief" (ECF 19), but on review of its contents, the court determined that it "include[d] a lengthier 'Statement of Facts,'" than his earlier pleadings, and those facts were apparently intended to "support Plaintiff's claims" (*id.* at 3). Based on those observations, the court determined it would "construe this filing as an amended complaint" and directed the Clerk of Court to file ECF 19 "as a separate docket entry entitled 'Amended Complaint'" (*id.*).

On March 1, 2024, Plaintiff's "Amended Complaint" was thus placed on the docket (ECF 25). Therein, Plaintiff indicates that he is "once again" requesting that the court "appoint counsel and move this case forward" (*id.* at 1).

## II.     LEGAL STANDARDS

When a party proceeds pro se, the court construes the pleadings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court will not, however, "assume the role of advocate for the pro se litigant." *Id.* Moreover, pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Notwithstanding this liberal pleading standard, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To plead a claim in compliance with this rule, a party must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Claims have facial plausibility when the pleader provides sufficient factual content to allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.    DISCUSSION

Consistent with its obligations under 28 U.S.C. § 1915, the court now considers Plaintiff's Amended Complaint (ECF 25) and whether he has complied with the court's prior pleading directives (ECF 16; ECF 18). Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court however may refuse leave to amend for the "failure to cure deficiencies by amendments

previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

First, the court notes that Plaintiff has asked in nearly every filing that the court appoint counsel (ECF 11; ECF 15; ECF 17; ECF 19; ECF 22), and each of those requests has been denied (ECF 16; ECF 18; ECF 24). In his latest Amended Complaint, it appears that the only relief Plaintiff is seeking is for the court to appoint counsel "and move this case forward immediately" (ECF 25 at 1). In accordance with its previous rulings (ECF 16; ECF 18; ECF 24), and for the reasons set forth therein, the court again denies Plaintiff's request for counsel, as he has provided no additional information that would change the court's analysis regarding that request.

Next, the court turns to the substance of Plaintiff's latest pleading. In this matter, Plaintiff has already been informed by the court on at least two occasions that his pleadings were deficient and provided instructions on how to cure those deficiencies (ECF 16; ECF 18). He was also informed failure to comply with the court's orders could result in dismissal of this action (ECF 16; ECF 18). The court has determined for the following reasons that Plaintiff has yet again failed to cure his pleading deficiencies and that any further amendment would be futile.

In this latest iteration of the complaint, Plaintiff appears to be informing the court of various issues he has had with the Wellington Police Department not providing him assistance, and of his alleged arrest and conviction for an assault (ECF 25 at 2–3). Plaintiff further concludes that "[t]he Wellington Police Department intentionally violated [his] civil rights" (*id.* at 4). On reviewing Plaintiff's Amended Complaint, however, the court finds that it is devoid of facts from which it could discern which rights Plaintiff believes were violated much less how any such violation occurred. What's more, Plaintiff cannot rely on conclusory allegations alone to establish that he has met his pleading requirements. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir.

2012) (noting that the court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable").

Beyond those deficiencies, it is also troubling that despite the court's earlier instruction that the Wellington Police Department "is not an independent legal entity that can be sued" (ECF 16 at 3), Plaintiff is apparently attempting to once again assert those same claims against the Wellington Police Department. Accordingly, the court finds that Plaintiff has again failed to follow the court's directives regarding his amended complaint.

Furthermore, while the number and identities of the defendants is not entirely clear, Plaintiff does mention that an additional defendant, Tom Kosmack (Kosmack),[1] arrested him "for an alleged assault" (ECF 25 at 3). While this could be an attempt to assert a claim under 42 U.S.C. § 1983, Plaintiff's allegations related to Kosmack do not meet the requirements of the Federal Rules of Civil Procedure which provide that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). This standard requires that a plaintiff set forth the basis for the court's jurisdiction as well as an explanation as to "what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's Amended Complaint does not contain such information related to Kosmack. Thus, the court finds that Plaintiff's pleading lacks facial plausibility as "it fails to articulate any clear factual or legal basis for the

---

[1] Although not stated in this latest complaint, the court assumes that Tom Kosmack is an officer with the Wellington Police Department. This assumption is based on Plaintiff's earlier filings (ECF 17 at 1–2) and his accusations that he was arrested by Kosmack (ECF 25 at 3).

alleged claims and relies entirely upon unsupported and conclusory allegations." *See Rosser v. City of Provo, Utah*, No. 2:12-cv-0739-CW-DBP, 2013 WL 4537904, at *8 (D. Utah Aug. 27, 2013).

Finally, the court addresses the remainder of Plaintiff's Amended Complaint wherein he raises various allegations related to his former wife, his physical and mental ailments, and disputes that Plaintiff has apparently had with certain leaders of his church (ECF 25 at 2–6). While the court is not unsympathetic to the apparent difficulties Plaintiff has faced, that does not entitle Plaintiff to seek relief for each of those grievances in the federal courts which have limited jurisdiction. *See Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) ("The federal courts are courts of limited subject-matter jurisdiction."). Plaintiff must still comply with the relevant rules and the court has "no obligation to craft legal theories" for a pro se plaintiff, nor is the court permitted to "supply factual allegations to support a pro se plaintiff's claim for relief." *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

Since Plaintiff was instructed as to how to cure his pleading deficiencies, was given opportunities to file amended pleadings, was informed of dismissal for failure to comply, and failed to follow the court's instructions, dismissal with prejudice is an appropriate sanction based on the relevant criteria as discussed by the Tenth Circuit. *See Nasious*, 492 F.3d at 1162 (noting the relevant criteria to consider when deciding whether dismissal with prejudice is appropriate include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions" (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003))). This result is further consistent with other rulings of this court, dismissing a complaint with

prejudice where the plaintiff failed to file an amended complaint that cured pleading deficiencies that had previously been identified by the court. *See e.g.*, *Richardson v. Fisher*, No. 2:20-cv-00541, 2021 WL 4139035, at *2 (D. Utah Apr. 27, 2021), *report and recommendation adopted*, 2021 WL 4133879 (D. Utah Sept. 10, 2021). Accordingly, the undersigned RECOMMENDS that the court DISMISS Plaintiff's Amended Complaint (ECF 25) with prejudice.

## RECOMMENDATION

For the reasons stated above, the court determines that Plaintiff has failed to state a claim on which relief can be granted and that this action should be dismissed under 28 U.S.C. § 1915(e), Fed. R. Civ. P. 12, and DUCivR 3-2. Based on a review of Plaintiff's amended complaint, the undersigned hereby **RECOMMENDS** that the court **DISMISS** this action with prejudice.

## NOTICE

Copies of the Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 26 February 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah